IN THE UNITES STATES BANRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
    DAVID E. LEWIS :
    GRETCHEN LEWIS :
        DEBTORS : CASE NO. 14-19079-AMC

## ORDER

AND NOW, this_____day of _____, 2017, upon consideration of Debtors Motion Pursuant to Bankruptcy Rule 9010 to Approve Personal Injury Settled, it is hereby ORDERED and DECREED that said Motion is GRANTED. Pursuant to Local Bankruptcy Rule 2012-1 attorney fees in the amount of $11,200.00 and litigation costs in the amount of $1,066.36 shall be paid to Debtors' personal injury counsel, Silver and Silver out of the total settlement of $28,000.00.

By the Court

_____
J.

IN THE UNITES STATES BANRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DAVID E. LEWIS | : | |
| GRETCHEN LEWIS | : | |
| DEBTORS | : | CASE NO. 14-19079-AMC |

## MOTION PURSUANT TO BANKRUPTYCY RULE 9019 TO APPROVE PERSONAL INJURY SETTLEMENT

David E. Lewis and Gretchen Lewis, Debtors and debtors in possession ("the Debtors"), by and through their undersigned attorney, files this Motion Pursuant to Bankruptcy Rule 9010 to Approve Personal Injury Settlement ("the Motion"), an states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 AND 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 AND 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought in this Motion is Rule 9010 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules")

### BACKGROUND

#### The Chapter 13 Case

2. On November 15, 2014 (the "Petition Date"), the Debtors filed with the Court a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Trustee William C. Miller was appointed in the Debtor's Chapter 13 case.

## SUMMARY OF LITIGATON AND SETTELEMENT AGREEMENTS

3. The Debtors filed a Civil Action against Kimberly Yancey on December 30, 2015 in the Court of Common Pleas of Philadelphia County, No. 151202685 arising out of a motor vehicle accident that occurred on February 9, 2014.

4. The parties have negotiated a settlement thereof, subject to the approval of this Court, embodied in a Full Release of All Claims With Indemnity between the Debtors and Kimberly Yancey, which resolves the litigation in the personal injury case.

5. The Full Release of All Claims With Indemnity, a copy of which is attached hereto as Exhibit "A", provides that Debtor, David Lewis will receive the sum of $15,000.00 from Kimberly Yancey and Debtor, Gretchen Lewis, will receive the sum of $13,000.00 from Kimberly Yancey.

6. A copy of the Proposed Distribution for the proceeds of the settlement for David Lewis is attached as Exhibit "B" hereto.

7. A copy of the Proposed Distribution for the proceeds of the settlement for Gretchen Lewis is attached as Exhibit "C" hereto.

8. The Debtors have retained the services of Silver and Silver to pursue their claims against Kimberly Yancey. A copy of the Fee Agreements signed by Debtors, David Lewis and Gretchen Lewis, are attached hereto as Exhibit "D".

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an Order, pursuant to Bankruptcy Rule 9019, approving the settlement with Kimberly Yancey, which the Debtors submit is fair, reasonable, and in the best interest of the Debtors, their creditors and estate.

10. By this Motion, the Debtors seek entry of an Order, pursuant to Local Bankruptcy Rule 2016-1 approving the payment of attorney's fees and reimbursement of costs to Silver and Silver as outlined in the attached Distribution Sheets.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion … and after notice and a hearing, the court may approve a compromise or settlement." *See* Fed. R. Bankr. P. 9019.

12. Settlement agreements are generally favored in a bankruptcy setting. *See In re Bond,* 16 F.3d 408, 1994 WL 20107 at *3 (4th Cir. 1994) (*quoting* Collie on Bankruptcy ¶ 9019.3[1] (15th ed. 1993))(to "minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy'"). Courts have considered the following standards or factors in determining whether to grant a Bankruptcy Rule 9019 motion to approve a compromise or settlement: (i) the probability of success in the litigation; (ii) the difficulties in collection; (iii) the complexity of the litigation, and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views. *See, e.g., In re Drexel Burnham Lambert Group, Inc.,* 134 B.R. 499, 505-06 (Bankr. S.D.N.Y. 1991); *In re U.S. Airways Group, Inc.,* 2002 WL 31829093 at *1 (Bankr. E.D. Va. 2002).

13. The decision to approve a compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968). The settlement need not be the best that could have been achieved, but need only fall "within the reasonable range of litigation

possibilities", *In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3rd Cir. 1979), and not "below the honest point in the range of reasonableness." *U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139, 149-50 (D. Md. 2001), *aff'd.* 2003 WL 1735258 (4th Cir. 2003) (*quoting Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2nd Cir. 1983), (*cert. denied,* 464 U.S, 822 (1983)); *see also In re McLean Industries, Inc.*, 84 B.R. 340, 344 (Bankr. S.D.N.Y. 1988); *In the Matter of Carla Leather, Inc.* 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1983); *see also W.T. Grant,* 699F.2d at 608 ("responsibility of the bankruptcy judge ... is not to decide the numerous questions of law and fact ... but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'").

14. The Debtors submit that the Settlements represent a fair and reasonable resolution of their respective claims against Kimberly Yancey.

15. Furthermore, the Settlements avoid the expense and delay associated with, and the attendant risks of, further litigation, the cost of which would be borne by the Debtors' estate. Although the Debtors believe it likely that it ultimately would have been successful in prevailing, at least in part, in the underlying litigations, the Debtors submit that a simple cost-benefit analysis merits approval of the Settlements. Clearly, the risk of a detrimental outcome in these litigations have been avoided.

16. For the foregoing reasons, the Debtors believe that the settlements fall well within the range of reasonableness and are in the best interest of the Debtors, their creditors and their estate, and request that this Court approve the settlements and payment of attorney's fees and costs in all respects.

17. Pursuant to Local Rule 9013-2, no memorandum of law accompanies this Motion.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an Order (a) approving and authorizing the Debtor to enter into the Settlement Agreements, and (b) granting the Debtors such other and further relief as this Court may deem just and proper.

SILVER AND SILVER

BY _____
Joseph F. Schwartz, Esquire
Attorney for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of Feb., 2017, a copy of the foregoing Motion Pursuant to Bankruptcy Rule 9019 to Approval Personal Injury Settlement was sent by electronic and/or facsimile transmission, and was mailed first class mail, postage prepaid to the parties identified on the Service List filed in this case, including counsel for the Official Committee of Unsecured Creditors and the Office of the United State Trustee. The Motion was also mailed first class, postage prepaid to the counterparties to the Settlements. The undersigned further certifies in accordance with ¶ 5 of this Court's Administrative Order No. 02-03 that service was completed contemporaneously with the filing of the motion.

SILVER AND SILVER

BY_____
Joseph F. Schwartz, Esquire
Attorney for Debtors

# EXHIBIT "A"

## *FULL RELEASE OF ALL CLAIMS WITH INDEMNITY*
### *Page 1 of 2*

*Policy Holder:* *Kimberly Yancey*
*Claim No.:*    *142706493*
*Policy No.:*   *13790369*

     KNOW ALL BY THESE PRESENTS, that **David E. Lewis and Gretchen Lewis**, for and in consideration of the sum of **$13,000.00 to Gretchen Lewis and $15,000.00 to David Lewis** the receipt whereof is hereby acknowledged, do hereby for their heirs, executors, administrators, successors and assigns and any and all persons, firms, employers, corporations, associations, or partnerships release, acquit and forever discharge **Kimberly Yancey**, their agents, employees, subsidiaries, and affiliates (hereinafter "Releasee(s)") from any and all claims, actions, causes of actions, demands, costs, property damage, loss of wages, expenses, hospital medical and nursing expenses, accrued or unaccrued claims for loss of consortium, loss of support or affection, loss of society and companionship on account of or in any way growing out of, any and all known and unknown personal injuries and damages resulting from an automobile accident which occurred on or about **2/9/2014** at or near **Greenland Drive**. It is understood and agreed that this settlement is in full compromise of a doubtful and disputed claim as to both questions of liability and as to the nature and extent of the injuries and damages, and that neither this release, nor the payment pursuant thereto shall be construed as an admission of liability, such being denied.

     It is further understood and agreed that the undersigned relies wholly upon the undersigned's judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefore and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives.

     It is not the intent of this agreement to release any physicians and/or healthcare providers who may have rendered treatment and/or any other medical services to **David E. Lewis and Gretchen Lewis** in connection with the accident related injuries.

     In consideration of the payment of the sum, the undersigned further agrees to indemnify **Kimberly Yancey**, their agents, employees, subsidiaries and affiliates and save them harmless from any and all further liability, loss, damage, claims of subrogation and expense arising because of any injuries and damages sustained by the undersigned and, if necessary, in order to save them so harmless, to satisfy on their behalf any judgment against them arising in any way out of the undersigned injuries or damages.

## FULL RELEASE OF ALL CLAIMS WITH INDEMNITY
### Page 2 of 2

I/we have read this Release and understand it.

Signed:

_Donna Ostone_  12/15/16         _David E. Lewis_  12/15/16
Witness             Date          David E. Lewis         Date

Signed:

_Donna Ostone_  12/15/16         _Gretchen Lewis_  12/15/16
Witness             Date          Gretchen Lewis         Date

State of: Pennsylvania
County of: Montgomery

On this 15th day of December, 2016, before me personally appeared David E. Lewis & Gretchen Lewis, to me known to be the individual(s) who executed the foregoing instrument, and acknowledged this as a free act and deed.

IN TESTIMONY WHEREOF, I have hereto subscribed my name and affixed my seal this 15th day December, 2016.

My commission expires: 4/22/2018        _Debra S. Yondorf_
                                         Notary Public

NOTARIAL SEAL
DEBRA G. YONDORF, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires April 22, 2018
COMMONWEALTH OF PENNSYLVANIA

# EXHIBIT "B"

# Silver & Silver

## DAVID LEWIS v. YANCEY
## PROPOSED DISTRIBUTION SHEET

| | |
|---|---:|
| **SETTLEMENT** | $15,000.00 |
| Attorney Fee – 40% (suit) | $6,000.00 |
| **Balance** | $9,000.00 |
| **Costs** | |
| City of Philadelphia – police report (1/2 of fee) | $ 12.50 |
| Pennsylvania Hospital – ER bill | 15.00 |
| IOD, Inc. – ER records | 40.35 |
| Prothonotary of Philadelphia – complaint (1/2 of fee) | 172.24 |
| Metro Filing Service - | 62.00 |
| e-Supoena | 6.35 |
| City of Philadelphia – motion filing (1/2 of fee) | 28.84 |
| IOD – Clinical Care Associates records | 40.67 |
| NextGen Reporting – deposition transcript | 112.50 |
| Joseph F. Schwartz – travel reimbursement | 9.50 |
| Postage | 22.95 |
| Photocopying | 17.48 |
| TOTAL | $540.38 |
| **Balance** | $8,459.62 |
| **Outstanding Medicals/Liens** | |
| Accent – Lien - $4,594.56 compromised to | $2,756.72 |
| Fairway Medical Service | 262.50 |
| MRCP - $4,724.85 compromised to | 1,700.00 |
| TOTAL | $4,719.22 |
| **Distributable Proceeds to Client** | **$3,740.40** |

I approve of the above distribution in the amount of $3,740.40. I further acknowledge that I will be solely responsible for any unpaid medical bills/liens remaining after the distribution of monies listed above.

_____

David Lewis                                                                                                           Date

# EXHIBIT "C"

# Silver & Silver

## GRETCHEN LEWIS v. YANCEY
## PROPOSED DISTRIBUTION SHEET

| | |
|---|---:|
| **SETTLEMENT** | **$13,000.00** |
| Attorney Fee – 40% (suit) | $5,200.00 |
| **Balance** | $7,800.00 |

**Costs**

| | |
|---|---:|
| City of Philadelphia – police report (1/2 of fee) | $ 12.50 |
| Pennsylvania Hospital – ER bill | 15.00 |
| Prothonotary of Philadelphia – complaint (1/2 of fee) | 172.24 |
| Metro Filing Service - | 62.00 |
| e-Supoena | 6.35 |
| City of Philadelphia – motion filing (1/2 of fee) | 28.84 |
| IOD – Clinical Practices records | 43.59 |
| NextGen Reporting – deposition transcript | 112.50 |
| Joseph F. Schwartz – travel reimbursement | 9.50 |
| Postage | 21.76 |
| Photocopying | 41.70 |
| TOTAL | $525.98 |
| **Balance** | $7,274.02 |

**Outstanding Medicals/Liens**

| | |
|---|---:|
| Accent – Lien - $2,044.92 compromised to | $1,226.95 |
| MRCP - $4,347.77 compromised to | 1,525.00 |
| TOTAL | $2,751.95 |
| **Distributable Proceeds to Client** | **$4,522.07** |

I approve of the above distribution in the amount of $4,522.07. I further acknowledge that I will be solely responsible for any unpaid medical bills/liens remaining after the distribution of monies listed above.

_____                                    _____
Gretchen Lewis                                                              Date

# EXHIBIT "D"

# SILVER SILVER
## ATTORNEYS AT LAW

### CONTINGENCY FEE AGREEMENT

THIS AGREEMENT is made this 12th day of February, 2014 between SILVER AND SILVER, as "Attorneys" and DAVID E. Lewis, as client.

1. I hereby retain the law firm of Silver and Silver to represent me, to institute suit, adjust or settle such claims or actions as may be deemed advisable by my Attorneys, to recover damages arising out of an incident occurring on or about 2/5/14, against Kimberley Yance or any persons, firms, or corporations deemed to be liable.

2. In consideration of the services rendered, it is agreed that, my Attorneys shall deduct Thirty-three and one third percent (33 1/3%) from the gross settlement and retain the same as their fee. If the claim is resolved after the filing of a Complaint, or the appointment of an Arbitrator, either by settlement or verdict, if any, my Attorneys shall deduct forty percent (40%) from the gross settlement award or verdict and retain the same as their fee. Should no money be recovered by suit or settlement, my Attorneys shall have no claim against me of any kind for services rendered.

3. Silver and Silver agrees to investigate my claim referred to in Paragraph 1 above. If, in the opinion of my Attorney, such claims appear to be recoverable, my Attorneys shall proceed to represent me/us by instituting suit, adjusting or settling such claims or actions as may be deemed advisable by my Attorneys; but if, after investigation, such claims are not recoverable in the opinion of my Attorneys, Silver and Silver shall have the right to rescind this Agreement.

4. Silver and Silver is authorized to pay from the client's share of any recovery, medical and hospital expenses, repair bills, subrogation claims, witness fees, or other costs associated with filing, pre-trial discovery, investigation, medical evaluations and reports, and any other necessary expenses associated with the claim of Client or necessary to the recovery of the claim.

5. This Agreement does not contemplate or require Silver and Silver to file an appeal from any proceeding. If an appeal is filed, the terms of this agreement will continue to be in force.

6. I agree to keep Silver and Silver advised of my whereabouts and to cooperate at all times in the preparation and trial of this case, to appear upon reasonable notice for depositions and court appearances and to comply with all reasonable requests made by Silver and Silver in the preparation and presentation of any claims referred to herein.

7. I agree that the employment of Silver and Silver in these proceedings will not be terminated without prior payment of the fees and costs advanced. It is understood that Silver and Silver may withdraw from this case at any time after reasonable notice to client. In the event of a fee dispute, I agree that the exclusive remedy shall be with the Fee Dispute Committee of the Montgomery County Bar Association, Norristown, PA.

8. I ACKNOWLEDGE RECEIPT OF A DUPLICATE ORIGINAL OF THIS AGREEMENT.

Silver and Silver

BY: _____

_____
Name: DAVID E. LEWIS

Rev. 11/04

# SILVER  SILVER
## ATTORNEYS AT LAW

### CONTINGENCY FEE AGREEMENT

THIS AGREEMENT is made this _12th_ day of _February_, 20_14_ between SILVER AND SILVER, as "Attorneys" and _Gretchen Lewis_, as client.

1. I hereby retain the law firm of Silver and Silver to represent me, to institute suit, adjust or settle such claims or actions as may be deemed advisable by my Attorneys, to recover damages arising out of an incident occurring on or about _2-9-14_, against _Kimberly Yances_ or any persons, firms, or corporations deemed to be liable.

2. In consideration of the services rendered, it is agreed that, my Attorneys shall deduct Thirty-three and one third percent (33 1/3%) from the gross settlement and retain the same as their fee. If the claim is resolved after the filing of a Complaint, or the appointment of an Arbitrator, either by settlement or verdict, if any, my Attorneys shall deduct forty percent (40%) from the gross settlement award or verdict and retain the same as their fee. Should no money be recovered by suit or settlement, my Attorneys shall have no claim against me of any kind for services rendered.

3. Silver and Silver agrees to investigate my claim referred to in Paragraph 1 above. If, in the opinion of my Attorney, such claims appear to be recoverable, my Attorneys shall proceed to represent me/us by instituting suit, adjusting or settling such claims or actions as may be deemed advisable by my Attorneys; but if, after investigation, such claims are not recoverable in the opinion of my Attorneys, Silver and Silver shall have the right to rescind this Agreement.

4. Silver and Silver is authorized to pay from the client's share of any recovery, medical and hospital expenses, repair bills, subrogation claims, witness fees, or other costs associated with filing, pre-trial discovery, investigation, medical evaluations and reports, and any other necessary expenses associated with the claim of Client or necessary to the recovery of the claim.

    5. This Agreement does not contemplate or require Silver and Silver to file an appeal from any proceeding. If an appeal is filed, the terms of this agreement will continue to be in force.

    6. I agree to keep Silver and Silver advised of my whereabouts and to cooperate at all times in the preparation and trial of this case, to appear upon reasonable notice for depositions and court appearances and to comply with all reasonable requests made by Silver and Silver in the preparation and presentation of any claims referred to herein.

    7. I agree that the employment of Silver and Silver in these proceedings will not be terminated without prior payment of the fees and costs advanced. It is understood that Silver and Silver may withdraw from this case at any time after reasonable notice to client. In the event of a fee dispute, I agree that the exclusive remedy shall be with the Fee Dispute Committee of the Montgomery County Bar Association, Norristown, PA.

    8. I ACKNOWLEDGE RECEIPT OF A DUPLICATE ORIGINAL OF THIS AGREEMENT.

Silver and Silver

BY: _____

_____
Name: Gretchen J. Lewis

Rev. 11/04