IN THE UNITES STATES BANRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DAVID E. LEWIS | : | |
| GRETCHEN LEWIS | : | |
| DEBTORS | : | CASE NO. 14-19079-AMC |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of Debtors Motion Pursuant to Bankruptcy Rule 9010 to Approve Underinsured Motorist Settlement, it is hereby ORDERED and DECREED that said Motion is GRANTED. Pursuant to Local Bankruptcy Rule 2012-1 attorney fees in the amount of $6,000.00 and litigation costs in the amount of $25.80 shall be paid to Debtors' personal injury counsel, Silver and Silver out of the total settlement of $15,000.

By the Court

_____ J.

IN THE UNITES STATES BANRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DAVID E. LEWIS | : | |
| GRETCHEN LEWIS | : | |
| DEBTORS | : | CASE NO. 14-19079-AMC |

## MOTION PURSUANT TO BANKRUPTCY RULE 9019 TO APPROVE UNDERINSURED MOTORIST SETTLEMENT

David E. Lewis and Gretchen Lewis, Debtors and debtors in possession ("the Debtors"), by and through their undersigned attorney, files this Motion Pursuant to Bankruptcy Rule 9010 to Approve Underinsured Motorist Settlement ("the Motion"), and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 AND 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 AND 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought in this Motion is Rule 9010 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules").

### BACKGROUND

#### The Chapter 13 Case

2. On November 15, 2014 (the "Petition Date"), the Debtors filed with the Court a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, trustee William C. Miller was appointed in the Debtor's Chapter 13 case.

## SUMMARY OF LITIGATON AND SETTELEMENT AGREEMENTS

3.  The Debtors filed a Civil Action against Kimberly Yancey on December 30, 2015 in the Court of Common Pleas of Philadelphia County, No. 151202685 arising out of a motor vehicle accident that occurred on February 9, 2014.

4.  The parties negotiated a settlement thereof, which this Court approved by Order dated April 4, 2017.

5.  The parties asserted an underinsurance motorist claim against the State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") arising from the February 9, 2014 motor vehicle accident.

6.  The parties have negotiated a settlement thereof, subject to the approval of this Court, wherein Debtor, David Lewis, will receive the sum of $7,500 from State Farm and Debtor, Gretchen Lewis, will receive the sum of $7,500 from State Farm. State Farm is not requiring the Debtors to sign a Release and has issued checks payable to Debtors as noted above. A copy of the checks from State Farm are attached as Exhibit "A" hereto.

6.  A copy of the Proposed Distribution for the proceeds of the settlement for David Lewis is attached as Exhibit "B" hereto.

7.  A copy of the Proposed Distribution for the proceeds of the settlement for Gretchen Lewis is attached as Exhibit "C" hereto.

8.  The Debtors have retained the services of Silver and Silver to pursue their claims against Kimberly Yancey and the State Farm Insurance Company. A copy of the Fee Agreements signed by Debtors, David Lewis and Gretchen Lewis, are attached hereto as Exhibit "D".

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an Order, pursuant to Bankruptcy Rule 9019, approving the settlement with State Farm, which the Debtors submit is fair, reasonable, and in the best interest of the Debtors, their creditors and estate.

10. By this Motion, the Debtors seek entry of an Order, pursuant to Local Bankruptcy Rule 2016-1 approving the payment of attorney's fees and reimbursement of costs to Silver and Silver as outlined in the attached Distribution Sheets.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion … and after notice and a hearing, the court may approve a compromise or settlement." *See* Fed. R. Bankr. P. 9019.

12. Settlement agreements are generally favored in a bankruptcy setting. *See In re Bond,* 16 F.3d 408, 1994 WL 20107 at *3 (4th Cir. 1994) (*quoting* Collie on Bankruptcy ¶ 9019.3[1] (15th ed. 1993))(to "minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy'"). Courts have considered the following standards or factors in determining whether to grant a Bankruptcy Rule 9019 motion to approve a compromise or settlement: (i) the probability of success in the litigation; (ii) the difficulties in collection; (iii) the complexity of the litigation, and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views. *See, e.g., In re Drexel Burnham Lambert Group, Inc.,* 134 B.R. 499, 505-06 (Bankr. S.D.N.Y. 1991); *In re U.S. Airways Group, Inc.,* 2002 WL 31829093 at *1 (Bankr. E.D. Va. 2002).

13. The decision to approve a compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968). The settlement need not be the best that could have been achieved, but need only fall "within the reasonable range of litigation possibilities", *In re Penn Central Transp. Co.,* 596 F.2d 1102, 1114 (3rd Cir. 1979), and not "below the honest point in the range of reasonableness." *U.S. ex rel. Rahman v. Oncology Associates, P.C.,* 269 B.R. 139, 149-50 (D. Md. 2001), *aff'd.* 2003 WL 1735258 (4th Cir. 2003) (*quoting Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2nd Cir. 1983), (*cert. denied,* 464 U.S, 822 (1983)); *see also In re McLean Industries, Inc.,* 84 B.R. 340, 344 (Bankr. S.D.N.Y. 1988); *In the Matter of Carla Leather, Inc.* 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1983); *see also W.T. Grant,* 699F.2d at 608 ("responsibility of the bankruptcy judge ... is not to decide the numerous questions of law and fact ... but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'").

14. The Debtors submit that the Settlements represent a fair and reasonable resolution of their respective claims against State Farm.

15. Furthermore, the Settlements avoid the expense and delay associated with, and the attendant risks of, further litigation, the cost of which would be borne by the Debtors' estate. Although the Debtors believe it likely that it ultimately would have been successful in prevailing, at least in part, in the underlying litigations, the Debtors submit that a simple cost-benefit analysis merits approval of the Settlements. Clearly, the risk of a detrimental outcome in these litigations have been avoided.

16.     For the foregoing reasons, the Debtors believe that the settlements fall well within the range of reasonableness and are in the best interest of the Debtors, their creditors and their estate, and request that this Court approve the settlements and payment of attorney's fees and costs in all respects.

17.     Pursuant to Local Rule 9013-2, no memorandum of law accompanies this Motion.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an Order (a) approving and authorizing the Debtor to enter into the Settlement Agreements, and (b) granting the Debtors such other and further relief as this Court may deem just and proper.

SILVER AND SILVER

BY _____
Joseph F. Schwartz, Esquire
Attorney for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2017, a copy of the foregoing Motion Pursuant to Bankruptcy Rule 9019 to Approve Underinsured Motorist Settlement was sent by electronic and/or facsimile transmission, and was mailed first class mail, postage prepaid to the parties identified on the Service List filed in this case, including counsel for the Official Committee of Unsecured Creditors and the Office of the United State Trustee. The Motion was also mailed first class, postage prepaid to the counterparties to the Settlements. The undersigned further certifies in accordance with ¶ 5 of this Court's Administrative Order No. 02-03 that service was completed contemporaneously with the filing of the motion.

SILVER AND SILVER

BY _____
Joseph F. Schwartz, Esquire
Attorney for Debtors

EXHIBIT "A"

| | |
|---|---|
| PAYMENT NO | 1 13 951813 J |
| PAYMENT AMOUNT | $7,500.00 |
| ISSUE DATE | 10-13-2017 |
| AUTHORIZED BY | DEL CECATO, ERINN |
| PHONE | (844) 292-8615 |
| CLAIM NO | 38-3V31-503 |
| LOSS DATE | 02-09-2014 |
| POLICY NO | 0979-751-38D |
| INSURED | LEWIS, DAVID |

SILVER & SILVER
42 W LANCASTER AVE FL 2
ARDMORE PA  19003-1331

REMARKS     letter and two drafts

| COVERAGE DESCRIPTION | ON BEHALF OF | AMOUNT |
|---|---|---|
| UNDERINSURED BODILY INJURY | LEWIS, GRETCHEN | 7,500.00 |

## RETAIN STUB FOR RECORDS

**StateFarm** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY        1 13 951813 J
AUTO INJURY        JPMORGAN CHASE BANK, NA  56-1544/441
                   COLUMBUS, OH
INJ E4 OFFICE NE   PAGECNTQ.P26                                     DATE  10-13-2017
                                                                          MM DD YYYY
CLAIM NO  38-3V31-503    INSURED  LEWIS, DAVID
LOSS DATE 02-09-2014

**************EXACTLY SEVEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS        $*****7,500.00

Pay to the
Order of: GRETCHEN LEWIS & DAVID LEWIS, FOR ALL CLAIMS ARISING FROM INJURIES TO
          GRETCHEN LEWIS & SILVER & SILVER, THEIR ATTORNEY

                                                                    AUTHORIZED SIGNATURE
                                                                    AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑈13795l8l3⑈  ⑆044ll5443⑆        777l44965⑈

```
PAYMENT NO      1 13 951872 J                              CLAIM NO    38-3V31-503
PAYMENT AMOUNT  $7,500.00                                  LOSS DATE   02-09-2014
ISSUE DATE      10-13-2017                                 POLICY NO   0979-751-38D
AUTHORIZED BY   DEL CECATO, ERINN                          INSURED     LEWIS, DAVID
PHONE           (844) 292-8615
```

SILVER & SILVER
42 W LANCASTER AVE FL 2
ARDMORE PA   19003-1331

REMARKS    letter and two drafts

| COVERAGE DESCRIPTION | ON BEHALF OF | AMOUNT |
|---|---|---|
| UNDERINSURED BODILY INJURY | LEWIS, DAVID | 7,500.00 |

## RETAIN STUB FOR RECORDS

**StateFarm** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY          1 13 951872 J
AUTO INJURY                    JPMORGAN CHASE BANK, NA  56-1544/441
INJ E4 OFFICE NE  PAGECNTQ.P26    COLUMBUS, OH

DATE  10-13-2017
      MM DD YYYY

CLAIM NO 38-3V31-503    INSURED  LEWIS, DAVID
LOSS DATE 02-09-2014

**************EXACTLY SEVEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS        $*****7,500.00

Pay to the
Order of:  DAVID LEWIS & GRETCHEN LEWIS, FOR ALL CLAIMS ARISING FROM INJURIES TO
           DAVID LEWIS & SILVER & SILVER, THEIR ATTORNEY

AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑃131795187 2⑃  ⑉044115443⑊       777144965⑃

EXHIBIT "B"

# Silver & Silver

### DAVID LEWIS v. STATE FARM INSURANCE CO. (UNDERINSURED)
### PROPOSED DISTRIBUTION SHEET

| | |
|---|---|
| **SETTLEMENT** | $7,500.00 |
| Attorney Fee – 40% (suit) | $3,000.00 |
| **Balance** | $4,500.00 |
| **Costs** | |
| Postage | 5.40 |
| Photocopying | 7.50 |
| TOTAL | $12.90 |
| **Distributable Proceeds to Client** | **$4,487.10** |

# EXHIBIT "C"

# Silver & Silver

### GRETCHEN LEWIS v. STATE FARM INSURANCE CO. (Underinsured Motorist Claim)
### PROPOSED DISTRIBUTION SHEET

| | |
|---|---:|
| **SETTLEMENT** | **$7,500.00** |
| Attorney Fee – 40% (suit) | $3,000.00 |
| **Balance** | $4,500.00 |
| **Costs** | |
| Postage | 5.40 |
| Photocopying | 7.50 |
| TOTAL | $12.90 |
| **Distributable Proceeds to Client** | **$4,487.10** |